SHELLEY J. OWENS, aka SHELLEY J. LITWILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SHELLEY J. OWENS and BRUCE W. OWENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket Nos. 9412-79, 11711-80.
United States Tax Court
T.C. Memo 1985-156; 1985 Tax Ct. Memo LEXIS 477; 49 T.C.M. (CCH) 1101; T.C.M. (RIA) 85156; April 1, 1985. Karen Smith Bryan, for the petitioners. Charles W. Jeglikowski, for the respondent. FAY
SUPPLEMENTAL MEMORANDUM OPINION FAY, Judge: These consolidated cases are before the Court on respondent's motion under Rule 161 [1] for reconsideration of our earlier memorandum opinion, T.C. Memo. 1983-302, which was filed on May 26, 1983. Petitioners, Shelley J. and Bruce W. Owens, resided in Palos Verdes Estates, Calif., when the petitions were filed herein. The relevant facts are set forth fully in our prior memorandum opinion, and are incorporated *478 herein by this reference. In our earlier opinion, we denied respondent's motion for partial summary judgment and granted petitioners' cross-motion for summary judgment, holding that petitioner Shelley J. Owens' exchange of guarantee stock in a state chartered savings and loan association for savings accounts in a federally chartered mutual savings and loan association qualified as a tax-free exchange under section 354(a). In reaching this conclusion, we expressly relied upon this Court's opinion in Paulsen v. Commissioner,78 T.C. 291 (1982), which had held that a savings account in a federally chartered savings and loan was stock for purposes of the reorganization provisions of the Internal Revenue Code, as amended. On August 10, 1983, Paulsen was reversed by the United States Court of Appeals for the Ninth Circuit, at 716 F.2d 563 (9th Cir. 1983). On the basis of that reversal, and the fact that the instant cases were appealable to the Ninth Circuit Court of Appeals, respondent filed the present motion for reconsideration on October 27, 1983. After respondent's motion for reconsideration was filed herein, the taxpayers in Paulsen filed *479 with the Supreme Court of the United States a petition for certiorari, seeking review of the decision of the Ninth Circuit. Therefore, on January 5, 1984, we ordered that disposition of respondent's motion for reconsideration be delayed until the Supreme Court had finally disposed of Paulsen. The Supreme Court granted certiorari in Paulsen on February 21, 1984, (465 U.S.     (1984)), and on January 8, 1985, rendered its opinion affirming the Ninth Circuit's reversal of the Tax Court's decision therein. Paulsen v. Commissioner, 469 U.S.     (1985). Based upon the Supreme Court's opinion in Paulsen, we conclude that respondent's motion for reconsideration should be granted. Therefore, our prior orders denying respondent's motion for partial summary judgment and granting petitioners' cross-motion for summary judgment will be vacated. Accordingly, upon reconsideration, respondent's motion for partial summary judgment, insofar as it pertains to the issue decided in Paulsen, will be granted, and petitioners' cross-motion for summary judgment will be denied. To reflect the foregoing, Appropriate orders will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩